IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21-CR-156 |
| vs. | |
| KRISTEN M. PATTERSON, | MEMORANDUM AND ORDER ON MOTION IN LIMINE |
| Defendant. | |

The Government has charged defendant Kristen M. Patterson with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). Filing 1 at 1. This matter is before the Court on the Government's Motion in Limine, Filing 78, which seeks admission of Patterson's prior conviction in 2005 for Possession of a Firearm or Money During a Violation of Nebraska Revised Statute § 28-416(16).[1] Section 28-416(16) makes it illegal for an individual to possess a firearm while manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance. Neb. Rev. Stat. § 28-416(16). Based on the police report accompanying the Government's Motion, Patterson's conviction involved the possession of a firearm in her vehicle while she was distributing a controlled substance. Filing 80-2 at 3. Patterson has not responded to the Government's Motion. The Motion is granted.

As represented in the Government's Brief, Filing 78 at 1–3, on Wednesday, April 7, 2021, around 2:20 a.m., an Omaha Police Officer observed a truck with a trailer parked at a storage facility in Omaha. The police officer checked the trailer's registration and discovered that it was reported stolen. The registration on the truck showed that it belonged to defendant Kristen

---

[1] Count VI of the state-court indictment charged Patterson with possessing a firearm or money while committing a drug trafficking or manufacturing offense. Filing 80-1 at 7. Based on the evidence provided by the Government, the offense Patterson pleaded guilty to involved possessing a firearm while trafficking illegal drugs. Filing 80-1 at 13 (listing the offense as "Possession of a Weapon"); Filing 80-1 at 14–15.

1

Patterson. After observing a driver in the truck, law Enforcement Officers activated their emergency lights and siren and ordered the driver out of the vehicle. According to the Government, the driver did respond to the commands.

Law enforcement officers approached and ordered Patterson out of the truck. Patterson exited the vehicle and was taken into custody. After speaking with Patterson, law enforcement officers arrested her for possessing the stolen trailer and towed the trailer and the truck. Later, Omaha Police Officers inventoried the trailer and truck and allegedly found a Bersa Thunder .380 pistol in plain sight in the driver's side open storage pocket of the center console.

Under Federal Rule of Evidence 404(b), evidence of a defendant's prior crimes is not admissible solely to prove the defendant's propensity to commit the charged offense, but may be admissible for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)–(2). Evidence of prior crimes is admissible if "(1) it is relevant to a material issue, (2) it is similar in kind and not overly remote in time to the charged offense, (3) it is supported by sufficient evidence, and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Shelledy*, 961 F.3d 1014, 1022 (8th Cir. 2020) (quoting *United States v. Ellis*, 817 F.3d 570, 579 (8th Cir. 2016)).

The Government asserts that Patterson's 2005 conviction for possessing a firearm while drug trafficking is relevant to prove her intent, knowledge, motive, and lack of accident or mistake for the present felon in possession of a firearm offense. Filing 78 at 1. The Court agrees with the Government that the prior conviction is relevant to prove intent, knowledge, and lack of accident or mistake. A general denial defense places a defendant's state of mind at issue. *See United States v. Anthony*, 537 F.3d 863, 866 (8th Cir. 2008). It is well established that prior convictions of

firearm offenses "are admissible to prove that the defendant had the requisite knowledge and intent to possess a firearm." *United States v. Adams*, 783 F.3d 1145, 1149 (8th Cir. 2015). Moreover, while encompassed by such evidence being admissible to prove knowledge—*i.e.*, that the defendant knowingly possessed a firearm—a prior firearm conviction is also relevant to show that the defendant's possession of a firearm in the present offense was "not mistaken or accidental." *See United States v. Johnson*, 615 F. App'x 582, 586 (11th Cir. 2015). In this case, the burden is on the Government to prove that Patterson knowingly possessed a firearm. See *United States v. McDonald*, 826 F.3d 1066, 1072 (8th Cir. 2016) (outlining that one of the elements for felon in possession of a firearm is that the defendant "knowingly possessed at least one firearm"). Patterson's denial of the crime puts her state of mind at issue. Therefore, the prior firearm offense is relevant to prove knowledge, intent, and lack of accident or mistake.

The prior offense is also sufficiently similar to the present charge. As outlined in the police report for the prior conviction, Patterson possessed a handgun on the floor underneath the front passenger seat. Filing 80-2 at 2. In this case, as represented in the Government's Brief, Patterson allegedly possessed a handgun in the driver's side storage pocket of the center console. Filing 78 at 3. Therefore, Patterson's past conduct is very similar to her alleged conduct in this case, as both involved firearms in Patterson's vehicles.

The Court also concludes that the Government has provided sufficient evidence that Patterson committed the prior offense. The Government has produced the state-court indictment, plea paperwork, and police report. This evidence more than satisfies the Government's burden to establish by a preponderance of the evidence that Patterson committed the prior offense. *Cf. United States v. Goodon*, 742 F.3d 373, 376 (8th Cir. 2014) (stating that "a certified copy of a state court

judgment of conviction is sufficient to establish the commission of a state crime during a period of supervised release").

Finally, given the probative value of the prior offense to prove the *mens rea* element of the current offense and its similarity with the current offense, the Court concludes that the prior conviction is not so remote that it is inadmissible. There is no "fixed period within which the prior acts must have occurred," and instead the courts apply a "standard of reasonableness . . . in determining whether a prior offense occurred within a relevant time frame for purposes of Rule 404(b)." *Ellis*, 817 F.3d at 580 (first quoting *United States v. Baker*, 82 F.3d 273, 276 (8th Cir. 1996), then quoting *United States v. Green*, 151 F.3d 1111, 1113 (8th Cir. 1998)). The prior conviction occurred about sixteen years before the offense in this case allegedly occurred. The Eighth Circuit has held that evidence of prior convictions older than the one at issue were admissible. *See United States v. Williams*, 796 F.3d 951, 960 (8th Cir. 2015) (stating that the Eighth Circuit has upheld "admission of a crime committed more than 20 years before the offense at issue" and holding that an eighteen-year-old firearm offense was not too remote). Therefore, the prior conviction is not to remote to be rendered inadmissible.

Turning to the balancing test under Federal Rule of Evidence 403, that rule does not make the prior conviction inadmissible. Under Rule 403, the Court may exclude evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice . . . .". Fed. R. Evid. 403. The probative value of Patterson's prior conviction is not substantially outweighed by the danger of unfair prejudice. Therefore, the Court concludes that Patterson's 2005 conviction for possessing a firearm while distributing illegal drugs is admissible. Accordingly,

IT IS ORDERED that the Government's Motion in Limine, Filing 78, is granted.

Dated this 25th day of January, 2023.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge

5